UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN HALL, #434965,

       Plaintiff,                         CIVIL ACTION NO. 12-13229

      v.                               DISTRICT JUDGE GEORGE CARAM STEEH

SHERI L. BURT and LOUIS               MAGISTRATE JUDGE MARK A.
YONKE,                                     RANDON

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (DKT. 15)**

**I.    INTRODUCTION**

This is a *pro se* lawsuit brought by Plaintiff Stephen Hall, an inmate with the Michigan Department of Corrections. Plaintiff alleges, generally, that Defendants denied him access to the courts by restricting his use of the prison law library and by refusing his requests for legal photocopies. Plaintiff was housed at the Parnall Correctional Facility at the time of these alleged violations (Dkt. 1). The remaining Defendants are Parnall's Warden, Sherry Burt, and retired prison Librarian, Louis Yonke.[1]

Before the Court is Defendants' motion to dismiss or, in the alternative, for summary judgment (Dkt. 15). On October 18, 2012, this Magistrate Judge ordered Plaintiff to respond to Defendants' motion by November 19, 2012 (Dkt. 17). Plaintiff did not respond or request an extension of time to do so.

---

[1] The Court dismissed a third Defendant – Library Technician "Prince" – on October 29, 2012 (Dkt. 18) because Prince is deceased.

For the following reasons, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

II.     ANALYSIS

   *A.  Standard Of Review*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555 (internal citation omitted).  Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

> [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him.  *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Defendants' Motion Is Unopposed

At the outset, it must be noted that Plaintiff failed to file a response. Thus, Defendants' motion is unopposed. The local court rules of the Eastern District of Michigan required Plaintiff to file a response, if he wished to oppose Defendants' motion. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion").

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

### C. Plaintiff's Access To Courts Claims Are Barred By Res Judicata[2]

Plaintiff previously sued Defendants, for the same alleged misconduct, in 2010. *See* E.D. Mich. Case No. 10-13274. Although that case was ultimately dismissed without prejudice – after Plaintiff filed a motion for voluntary dismissal – the dismissal was entered *after* the Court

---

[2] The Court invokes the doctrine of *res judicata sua sponte*, in the interests of judicial economy, pursuant to *Holloway Construction Company v. United States Department of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) ("[A] district court may invoke the doctrine of *res judicata* in the interests of, *inter alia*, the promotion of judicial economy").

dismissed Plaintiff's access to courts claim *with prejudice*. *See Hall v. Burt*, No. 10-CV-13274, 2011 WL 2623263 (E.D. Mich. May 16, 2011) report and recommendation adopted by 2011 WL 2621370 (E.D. Mich. July 5, 2011).

A claim or cause of action is precluded by *res judicata* if four elements are established: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties; (3) the second action raises an issue or claim which was actually litigated or should have been litigated in the prior action; and (4) an identity of the claims or causes of action. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009); *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir. 2007). All four elements necessary for the application of *res judicata* are met here. The prior dismissal with prejudice involved the same claims, against the same Defendants. Plaintiff did not appeal the dismissal with prejudice, and he may not now re-litigate them.

### D. *Plaintiff's Claims Against Warden Burt Fail As A Matter Of Law*

Even assuming that Plaintiff's denial of access to courts claim was not barred by *res judicata*, the claims raised against Warden Burt fail as a matter of law. Plaintiff only alleges that he spoke to Warden Burt about Library Technician Prince's denial of photocopy services and she responded that she would investigate the matter and get back to him (Compl.; Dkt. 1 at ¶¶ 15-16). Plaintiff alleges that Warden Burt later informed him that she supported Library Technician Prince's denial of photocopy services (Compl.; Dkt. 1 at ¶16).

In *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 692 (1978), the Supreme Court held that in a § 1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984):

> [T]he § 1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate (internal citations omitted).

Plaintiff has not made any factual allegations showing Warden Burt's personal involvement in any alleged misconduct. Plaintiff merely states that Warden Burt did not address his concerns when brought to her attention. This is insufficient to impose liability under § 1983 against Warden Burt.

### E. *Plaintiff's Access To Courts Claims Are Unfounded*

Notwithstanding Plaintiff's lack of opposition and the preclusion of his claims by *res judicata*, his denial of access to courts claims are unfounded.

Prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988) ("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances"). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered prejudice to his case as a result of the alleged denial. "In order to state a claim for interference with access to the courts a plaintiff must show actual injury.... '[T]he requirement that an inmate show actual injury derives from the constitutional principle of standing [ ]'". *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "Examples of actual prejudice to pending or contemplated litigation include

having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey; Jackson v. Gill*, 92 Fed.Appx. 171, 173 (6th Cir. 2004) (unpublished).

Under *Lewis*, Plaintiff's right of access claim fails in the absence of facts indicating his prior civil case was prejudiced by Defendants' behavior. Plaintiff has identified the underlying matter as E.D. Mich. Case No. 08-14709 (Compl; Dkt. 1 at ¶10). Although this lawsuit was dismissed while Plaintiff was incarcerated at Parnall, Plaintiff cannot establish that the dismissal was caused by any action or inaction of Defendants. As detailed in Defendants' brief (Dkt. 15 at 11-12), the Court dismissed Plaintiff's case on the merits, and not due to Plaintiff's failure to timely file pleadings. Furthermore, the dismissal was *reversed* by the Sixth Circuit Court of Appeals and proceeded to trial. *See Hall v. Warren,* 443 Fed.Appx. 99 (6th Cir. 2011). On the day of jury selection, Plaintiff – then represented by Daniel Manville, Esq. of the Michigan State University Law School Civil Rights Clinic – declared that he did not wish to proceed to trial and dismissed his case with prejudice. *See* E.D. Mich. Case No. 08-14709; Dkt. 120. Simply put, Plaintiff cannot establish that any action or inaction of Defendants prejudiced him in his prior civil case.

### F. *Plaintiff's Retaliation Claims Fail As A Matter Of Law*

Plaintiff also claims that Librarian Yonke issued him a fabricated misconduct report for destruction or misuse of property with a value of $10 or more and that, as a result, he was terminated from his prison job as a "Legal Writer" (Dkt. #1; Compl. at ¶¶ 18-19). According to Plaintiff, this was an act of retaliation (*Id.* at ¶ 20).

In *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an

adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." While Plaintiff claims retaliation, he failed to allege that he engaged in protected conduct. First, although Plaintiff alleges he was a Legal Writer and assisted other prisoners with their legal matters, "it is clear in this circuit that an inmate does not have an independent right to help other prisoners with the legal claims." *Thaddeus-X*, 175 F.3d at 395 (citing *Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir. 1993)).

Furthermore, Librarian Yonke denies under oath that he issued Plaintiff a major misconduct ticket as a form of retaliation (Dkt. 15, Ex. E; Yonke Aff. at ¶20). Rather, Librarian Yonke states that he issued Plaintiff a misconduct violation because Plaintiff violated the disciplinary rules by using a legal writer computer for personal work (*Id.*). Librarian Yonke states that he did not conspire with anyone, nor did he issue the misconduct violation in retaliation; Librarian Yonke further states that he would have taken the same action with any prisoner, regardless of any grievance or any other factor (*Id.* at ¶21). Since Plaintiff failed to respond to Defendants' motion for summary judgment, Plaintiff failed to set forth any admissible evidence contradicting Librarian Yonke's version of events.

Finally, where a prisoner alleges that a corrections employee retaliated against him by filing a false misconduct violation, "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 Fed.Appx. 656 (6th Cir. 2005) (citing *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994)). Plaintiff was found guilty of the misconduct charge after an administrative hearing and his

-8-

request for rehearing was denied (Dkt. 15, Ex. E; Yonke Aff. at ¶22).  Accordingly, Plaintiff fails to state a valid retaliation claim against Librarian Yonke and Defendants are entitled to summary judgment on this claim.

### III.     CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that this lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                 <u>s/Mark A. Randon</u>
                                                 MARK A. RANDON
                                                 UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2013

<u>*Certificate of Service*</u>

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, February 26, 2013, electronically and by first class mail.*

                                                 <u>*s/Eddrey Butts*</u>
                                                 *Case Manager*